IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria Sawyer,<br><br>     Plaintiff,<br><br>   v.<br><br>Aurora Loan Services; Julie He;<br>and DOES 1-50, inclusive,<br><br>     Defendants.<br>_____/ | 2:10-CV-00723-JAM-KJM<br><br><u>ORDER GRANTING DEFENDANT'S<br>     MOTION TO DISMISS</u> |

This matter comes before the Court on Defendant Aurora Loan Services's ("Defendant's") Motion to Dismiss Plaintiff Victoria Sawyer's ("Plaintiff's") Complaint. The motion to dismiss is pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff untimely opposes the motion.[1]

Plaintiff's Complaint was removed to federal court on March 25, 2010. (Doc. No. 1.) Defendant filed this Motion to Dismiss ("MTD") on April 23, 2010. (Doc. No. 7.) Plaintiff untimely

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

filed a First Amended Complaint ("FAC"), which the Court struck from the record on June 6, 2010. (Doc. No. 9.) On the same day, Plaintiff untimely filed an Opposition. (Doc. No. 11.) Accordingly, the Court will not consider Plaintiff's Opposition, except to the extent that it voluntarily dismisses the claim for breach of statutory duties.

The facts of this case are unclear because the Complaint and the MTD are so poorly pled. The Court is concerned with the discrepancies in the parties' pleadings. The parties list different addresses for the Subject Property. Defendant's MTD lists 6237 Arcadia Street, Corona, California as the Subject Property. Plaintiff, and the Deed of Trust ("DOT") which Defendant submitted in its Request for Judicial Notice, list 6728 Brook Falls Circle, Stockton, California as the Subject Property. Plaintiff alleges that she entered into a written agreement whereby Defendant would service a mortgage for the Subject Property. However, Plaintiff does not specify when she entered into this agreement, nor has she presented a copy of the agreement to the Court. The date on the DOT is September 24, 2004.

Plaintiff's Complaint is replete with contradictory allegations and the Court is unable to determine precisely what Plaintiff is alleging. It appears that Plaintiff complains of Defendant's foreclosure on the Subject Property. Plaintiff

alleges that Defendant attempted to foreclose on the Subject Property, and has sold the Subject Property. However, Defendant contends that a Notice of Default has never been filed, or even prepared, and a foreclosure has never been initiated on the Subject Property. Neither party has presented a Notice of Default to the Court.

    Given Defendant's inconsistent assertions of what Subject Property is involved in this case and Plaintiff's incomprehensible Complaint, this Court is in no position to grant Defendant's MTD. Accordingly, the parties are ordered to start over and to make sure that they provide the Court with accurate information the second time around.  Plaintiff is granted leave to file an amended complaint within twenty (20) days of the date of this Order. The amended complaint shall not include a claim for breach of statutory duties.

    IT IS SO ORDERED.

DATED: August 10, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3